IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERRA NETWORKS OPERATIONS, INC., <br><br> Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff Michael Grecco Productions, Inc. is a photography studio and business owned and operated by photographer Michael Grecco. Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc. Plaintiff is incorporated in California and has a principal place of business located at 3103 17th Street, Santa Monica, California.

3. Upon information and belief, defendant Terra Networks Operations, Inc. ("Defendant") is a Florida company with a principal place of business located at 95 Merrick

Way, 3rd Floor, Coral Gables, Florida, and previously at 396 Alhambra Circle, Coral Gables, Florida.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is incorporated and conducts business in this District and has committed torts in this State, including without limitation Defendant's copyright infringement, which causes harm in this State and in this District.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Business</u>

7. Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director. The Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

8. Among the many stylized and valuable photographs of celebrities taken by the Plaintiff are two stylized and popular photographic images of the X-Files characters, Fox Mulder and Dana Scully, a creative and popular photographic image of Ben Stiller and Owen Wilson

laughing, and an equally artistic and popular photographic image of Quentin Tarantino (collectively, the "Copyrighted Works"). Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Works.

9. Plaintiff has obtained the following registrations with the United States Copyright Office for the Copyrighted Works (along with other photographic images):

- Two photos of the X-Files characters Fox Mulder and Dana Scully, among other photographs, identified as "Grecco Photography X Files I USA S": VA 1-232-596 ("X-Files I Copyrighted Work") and "Greccophoto.com Web Site Images up to 9114199": VAu 469-004 ("X-Files II Copyrighted Work");

- One photo of Ben Stiller and Owen Wilson, among other photographs, identified as "Grecco Photography 1/9/04 to 3/1/04": VAu 624-033 ("Stiller and Wilson Copyrighted Work"); and

- One photo of Quentin Tarantino, among other photographs, identified as "Grecco Photo I Getty Published 2009 (See Form GR/PPh/CON)": VA 1-431-698 ("Quentin Tarantino Copyrighted Work")

10. Copies of the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, and Quentin Tarantino Copyrighted Work are attached hereto as Exhibits A-D, respectively.

11. Copies of the registrations issued by the United States Copyright Office for the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, and Quentin Tarantino Copyrighted Work are attached hereto as Exhibits E-H, respectively.

12. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Works.

B.   Defendant's Unlawful Activities

13.   Upon information and belief, Defendant owns and operates the websites located at the URL http://www.terra.com and related URLs http://entretenimiento.terra.com, http://circolare.terra.com, http://forum.outerspace.terra.com, http://entretenimiento.terra.es, http://www.p1.trrsf.com and http://www.s1.trrsf.com where it displays, among other things, media images and advertising.

14.   In 2016, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the X-Files I Copyrighted Work by reproducing, distributing, and/or publicly displaying the X-Files I Copyrighted Work at websites located at the following URLs:

- http://circolare.terra.com.br/notas/a-volta-do-arquivo-x/; and
- http://circolare.terra.com.br/uploads/2015/01/x-files.jpg.

15.   Defendant's reproduction, distribution, and/or public display of the X-Files I Copyrighted Work is without Plaintiff's permission. Example screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("X-Files I Infringing Works") are attached hereto as Exhibit I.

16.   In 2016, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the X-Files II Copyrighted Work by reproducing, distributing, and/or publicly displaying the X-Files II Copyrighted Work at websites located at the following URLs:

- http://bag-man.zip.net/images/x-files-mulder-scully.jpg; and
- http://forum.outerspace.terra.com.br/index.php?threads/logo-do-x360-%C3%A9-visto-em-desenho-de-ovni-de-1697.63484/.

4

DM2\7169521.1

17.     Defendant's reproduction, distribution, and/or public display of the X-Files II Copyrighted Work is without Plaintiff's permission.  An example screenshot demonstrating Defendant's unauthorized reproductions, distributions and public displays ("X-Files II Infringing Works") is attached hereto as Exhibit J.

18.     In 2016, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Stiller and Wilson Copyrighted Work by reproducing, distributing, and/or publicly displaying the Stiller and Wilson Copyrighted Work at websites located at the following URLs:

- http://s1.trrsf.com/blogs/71/8171.wilson_2D00_stiller.jpg; and
- http://entretenimiento.terra.es/es-cine-mama/blog/2012/04/20/las-grandes-alianzas-actorles/.

19.     Defendant's reproduction, distribution, and/or public display of the Stiller and Wilson Copyrighted Work is without Plaintiff's permission.  Example screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("Stiller and Wilson Infringing Works") are attached hereto as Exhibit K.

20.     In 2016, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Quentin Tarantino Copyrighted Work by reproducing, distributing, and publicly displaying the Quentin Tarantino Copyrighted Work at websites located at the following URLs:

- http://entretenimiento.terra.com.co/cine/steven-spielberg-y-otros-directores-de-cine-detras-de-camara,37c6c9d9bff82410VgnVCM3000009af154d0RCRD.html; and

- http://p1.trrsf.com/image/fget/cf/375/500/images.terra.com/2013/11/25/quentin-tarantino-pulp.jpg.

21. Defendant's reproduction, distribution, and public display of the Quentin Tarantino Copyrighted Work is without Plaintiff's permission. Example screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("Quentin Tarantino Infringing Works") are attached hereto as Exhibit L.

22. Upon information and belief, Defendant, by and through the websites that it owns and operates, has similarly taken for its own commercial use and profit the photographic images created by others, without authorization and without compensation being paid unless and until a claim of infringement has been asserted by the copyright owner in a demand letter and/or lawsuit. Defendant's repeated and multiple acts of copyright infringement establish that it is a business practice or policy of Defendant to take copyright materials created by others and convert them to its own commercial use without seeking permission or paying for a license, forcing copyright owners to discover the infringement on their own and take action to challenge it, only to then cease use of their works while still attempting to avoid paying any compensation.

C.   Defendant's Actions Demonstrate Control of the Infringing Websites

23. On April 27, 2016, Plaintiff through counsel sent a demand letter to Defendant, by email and U.S. mail addressed to Defendant's registered agent for service of process, identifying the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works and examples of Defendant's X-Files I, X-Files II and Quentin Tarantino Infringing Works, and demanding (among other relief) that Defendant cease all infringement of Plaintiff's Copyrighted Works and contact Plaintiff's counsel to discuss an appropriate license fee to address Defendant's otherwise

unauthorized and infringing uses of Plaintiff's Copyrighted Works for which Defendant was responsible ("Demand Letter").

24.     Prior to the Demand Letter, Plaintiff's counsel informed Defendant of the infringing uses of the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works on March 16, 2016.

25.     Defendant demonstrated and exercised its control over the infringing uses of the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works by obtaining their removal from the websites where they were displayed, reproduced and/or stored.

26.     On information and belief, Defendant either directly owns, operates and/or manages the websites on which the infringing reproductions, distributions and/or displays of the Copyrighted Works have been found, or it maintains control and management authority over those sites by and through the agreement with the operators to use the Defendant's trademarks and reproduce, display and distribute the Defendant's media content.

27.     Notwithstanding Defendant's actions and control over the websites, Defendant responded to the Demand Letter alleging that they have no responsibility for four of the infringing displays of the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works.

28.     Upon information and belief, based on Defendant's ability to promptly remove infringing uses of the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works from their websites, Defendant actively controlled these websites, has maintained control throughout the infringing display of the X-Files I, X-Files II and Quentin Tarantino Copyrighted Works on those sites and continues to maintain control of these websites while the infringing use of the Stiller and Wilson Copyrighted Work persists.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## OF THE X-FILES I COPYRIGHTED WORK
## (17 U.S.C. § 101 *et seq*.)

29.     Plaintiff realleges paragraphs 1 through 28 above and incorporates them by reference as if fully set forth herein.

30.     The X-Files I Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff is sole and exclusive owner of all rights, title and interest in and to the copyright in the X-Files I Copyrighted Work.

31.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and/or public display of the X-Files I Copyrighted Work, Defendant had access to the X-Files I Copyrighted Work prior to the creation of the X-Files I Infringing Works.

32.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq*., by reproducing, distributing and publicly displaying the X-Files I Infringing Works.

33.     Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant has profited and continues to profit at the expense of the Plaintiff.

34.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the X-Files I Copyrighted Work, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to a maximum of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on its lost

profits and disgorgement of Defendant's profits related to its infringement, which amounts will be proven at trial.

35. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### SECOND CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### OF THE X-FILES II COPYRIGHTED WORK
### (17 U.S.C. § 101 *et seq.*)

37. Plaintiff realleges paragraphs 1 through 36 above and incorporates them by reference as if fully set forth herein.

38. The X-Files II Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff is sole and exclusive owner of all rights, title and interest in and to the copyright in the X-Files II Copyrighted Work.

39. Upon information and belief, as a result of Plaintiff's reproduction, distribution and/or public display of the X-Files II Copyrighted Work, Defendant had access to the X-Files II Copyrighted Work prior to the creation of the X-Files II Infringing Works.

40. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*, by reproducing, distributing and/or publicly displaying the X-Files II Infringing Works.

41. Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant has profited and continues to profit at the expense of the Plaintiff.

42. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the X-Files II Copyrighted Work, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to a maximum of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on its lost profits and disgorgement of Defendant's profits related to its infringement, which amounts will be proven at trial.

43. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**THIRD CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**OF THE STILLER AND WILSON COPYRIGHTED WORK**
**(17 U.S.C. § 101 *et seq.*)**

45. Plaintiff realleges paragraphs 1 through 44 above and incorporates them by reference as if fully set forth herein.

46. The Stiller and Wilson Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States

copyright laws.  Plaintiff is sole and exclusive owner of all rights, title and interest in and to the copyright in the Stiller and Wilson Copyrighted Work.

47. Upon information and belief, as a result of Plaintiff's reproduction, distribution and/or public display of the Stiller and Wilson Copyrighted Work, Defendant had access to the Stiller and Wilson Copyrighted Work prior to the creation of the Stiller and Wilson Infringing Works.

48. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*, by reproducing, distributing and/or publicly displaying the Stiller and Wilson Infringing Works.

49. Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant has profited and continues to profit at the expense of the Plaintiff.

50. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Stiller and Wilson Copyrighted Work, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to a maximum of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on its lost profits and disgorgement of Defendant's profits related to its infringement, which amounts will be proven at trial.

51. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

52. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs, unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## FOURTH CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## OF THE QUENTIN TARANTINO COPYRIGHTED WORK
## (17 U.S.C. § 101 *et seq*.)

53.     Plaintiff realleges paragraphs 1 through 52 above and incorporates them by reference as if fully set forth herein.

54.     The Quentin Tarantino Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Plaintiff is sole and exclusive owner of all rights, title and interest in and to the copyright in the Quentin Tarantino Copyrighted Work.

55.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and/or public display of the Quentin Tarantino Copyrighted Work, Defendant had access to the Quentin Tarantino Copyrighted Work prior to the creation of the Quentin Tarantino Infringing Works.

56.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq*., by reproducing, distributing and/or publicly displaying the Quentin Tarantino Infringing Works.

57.     Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant has profited and continues to profit at the expense of the Plaintiff.

58.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Quentin Tarantino Copyrighted Work, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to a maximum of $150,000,

or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on its lost profits and disgorgement of Defendant's profits related to its infringement, which amounts will be proven at trial.

59.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

60.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights in the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, and Quentin Tarantino Copyrighted Work under the Copyright Act;

2.     A declaration that such infringements are willful;

3.     An accounting of all revenues earned by Defendant as a result of its reproduction, distribution and/or display of the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, and Quentin Tarantino Copyrighted Work, or any portion of the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, and Quentin Tarantino Copyrighted Work;

4.     Awarding Plaintiff its lost profits and, in addition, all gains, profits, property and advantages obtained or derived by Defendant related to its acts of copyright infringement or, in the alternative, should Plaintiff so elect, such statutory damages as the Court shall deem proper,

as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each of the Copyrighted Works infringed;

    5.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

    6.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

    7.    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

        (a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, or Quentin Tarantino Copyrighted Work or to participate or assist in any such activity; and

        (b)    directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the X-Files I Copyrighted Work, X-Files II Copyrighted Work, Stiller and Wilson Copyrighted Work, Quentin Tarantino Copyrighted Work, X-Files I Infringing Works, X-Files II Infringing Works, Stiller and Wilson Infringing Works, or Quentin Tarantino Infringing Works.

    8.    For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  September 23, 2016

>Respectfully submitted,
>
>DUANE MORRIS LLP
>
>By:   s/Karen C. Kline
>       Karen C. Kline
>       Florida Bar No. 059998
>       5100 Town Center Circle, Suite 650
>       Boca Raton, FL  33486
>       Telephone: (561) 962-2132
>       Facsimile: (305) 397 2248
>       Email: KCKline@duanemorris.com
>
>       Steven M. Cowley (*Pro Hac Vice to be submitted*)
>       100 High Street, Suite 2400
>       Boston, MA 02110-1724
>       Telephone: (857) 488-4261
>       Facsimile: (857) 401-3090
>       Email: SMCowley@duanemorris.com
>
>       *Attorneys for Plaintiff Michael Grecco Productions, Inc.*